# United States District Court
## for the District of Massachusetts

CIVIL ACTION NO. _____

LINANEL BROWN MADISON
PLAINTIFF,

V.

Timothy Cruz, Sean Bradley, Lenny Coppenrath, Brian Galvan, Department of State Police, Essex County Sheriff's Department, Plymouth County Sheriff's Department, Plymouth County District Attorney's Office, Frank Middleton, Robert Clements, Kevin Coppinger, and Joseph McDonald.
DEFENDANTS.

# Verified Complaint

## Introduction

THIS IS A CIVIL RIGHTS ACTION FILED BY LINANEL BROWN MADISON A MASSACHUSETTS STATE PRISONER, SEEKING DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983, ALLEGING THAT PLAINTIFF BECAME A PAID INFORMANT FOR LAW ENFORCEMENT, TESTIFIED AT CRIMINAL PROCEEDINGS ON BEHALF OF THE DEFENDANT LAW ENFORCEMENT OFFICIALS, WAS INSTRUCTED TO PREVARICATE DURING A CRIMINAL PROCEEDING BY DEFENDANT LAW ENFORCEMENT OFFICIALS, AND WAS SUBSEQUENTLY OUSTED AS AN INFORMANT

1.

IN THE MEDIA BY DEFENDANT LAW ENFORCEMENT OFFICIALS RESULTING IN PLAINTIFF AND HIS FAMILY HAVING RECEIVED THREATS OF HARM AND DEATH; RESULTED IN PLAINTIFF HAVING BEEN PHYSICALLY ASSAULTED, DURING THE COURSE OF WHICH DEFENDANT PRISON OFFICIALS FAILED IN THEIR DUTY OF CARE TO PROTECT PLAINTIFF FROM SAID ASSAULTS IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE MASSACHUSETTS STATE LAW TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, ASSAULT AND BATTERY, AND THE NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, PURSUANT TO G.L.C. 258, ET. SEQ.

## Jurisdiction

THIS COURT HAS JURISDICTION OVER PLAINTIFF'S CONSTITUTIONAL CLAIMS PURSUANT TO 42 U.S.C. § 1331 AND § 1343.

THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW TORT CLAIMS PURSUANT TO 28 U.S.C. § 1367.

## Parties

1. THE PLAINTIFF, LINANEL BROWN MADISON ("PLAINTIFF" OR "MADISON"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A PAID INFORMANT FOR THE MASSACHUSETTS STATE POLICE AND THE PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE AND WAS INCARCERATED IN THE PLYMOUTH COUNTY CORRECTIONAL FACILITY AND THE ESSEX COUNTY CORRECTIONAL FACILITY. HE IS A

2.

RESIDENT OF MASSACHUSETTS AND A CITIZEN OF THE UNITED STATES.

2. THE DEFENDANT, Timothy CRUZ ("DEFENDANT" OR "CRUZ"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT THE PLYMOUTH COUNTY DISTRICT ATTORNEY. HE IS A RESIDENT OF MASSACHUSETTS AND A CITIZEN OF THE UNITED STATES. HE IS SUED IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

3. THE DEFENDANT, SEAN BRADLEY ("DEFENDANT" OR "BRADLEY"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN ASSISTANT DISTRICT ATTORNEY WITH THE PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE. HE IS A RESIDENT OF MASSACHUSETTS AND A CITIZEN OF THE UNITED STATES. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

4. THE DEFENDANT, LENNY COPPENRATH ("DEFENDANT" OR "COPPENRATH"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A TROOPER WITH THE MASSACHUSETTS STATE POLICE. HE IS A RESIDENT OF MASSACHUSETTS AND A CITIZEN OF THE UNITED STATES. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

5. THE DEFENDANT, BRIAN GALVAN ("DEFENDANT" OR "GALVAN"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A TROOPER WITH THE MASSACHUSETTS STATE POLICE.

HE IS A RESIDENT OF MASSACHUSETTS AND A CITIZEN OF THE UNITED STATES. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

6. THE DEFENDANT, KEVIN COPPINGER ("DEFENDANT" OR "COPPINGER"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT THE SHERIFF OF ESSEX COUNTY. HE IS A RESIDENT OF MASSACHUSETTS AND A CITIZEN OF THE UNITED STATES. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

7. THE DEFENDANT, JOSEPH MCDONALD ("DEFENDANT" OR "MCDONALD"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT THE SHERIFF OF PLYMOUTH COUNTY. HE IS A RESIDENT OF MASSACHUSE AND A CITIZEN OF THE UNITED STATES. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

8. THE DEFENDANT, ESSEX COUNTY SHERIFF'S DEPARTMENT ("DEFENDANT" OR "ESSEX SHERIFF'S DEPARTMENT"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT RESPONSIBLE FOR THE CONFINEMENT OF THE PLAINTIFF IN THE ESSEX COUNTY CORRECTIONAL FACILTY. IT IS SUED IN AN OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY.

9. THE DEFENDANT, PLYMOUTH COUNTY SHERIFF'S DEPARTMENT ("DEFENDANT" OR "PLYMOUTH SHERIFF'S DEPARTMENT"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT RESPONSIBLE FOR THE CONFINEMENT OF THE PLAINTIFF IN THE PLYMOUTH COUNTY

CORRECTIONAL FACILITY. IT IS SUED IN AN OFFICIAL AND INDIVIDUAL CAPACITY.

10. THE DEFENDANT, FRANK MIDDLETON ("DEFENDANT" OR "MIDDLETON"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN ASSISTANT DISTRICT ATTORNEY WITH THE PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE. HE IS A RESIDENT OF MASSACHUSETTS AND A CITIZEN OF THE UNITED STATES. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

11. THE DEFENDANT, ROBERT CLEMENTS ("DEFENDANT" OR "CLEMENTS"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A TROOPER WITH THE MASSACHUSETTS STATE POLICE. HE IS A RESIDENT OF MASSACHUSETTS AND A CITIZEN OF THE UNITED STATES. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

12. THE DEFENDANT, DEPARTMENT OF STATE POLICE ("DEFENDANT" OR "STATE POLICE"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A GOVERNMENT AGENCY IN MASSACHUSETTS. IT IS SUED IN AN OFFICIAL AND INDIVIDUAL CAPACITY.

13. THE DEFENDANT, PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE ("DEFENDANT" OR "PLYMOUTH D.A.'S OFFICE"), IS AND WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT A GOVERNMENT AGENCY IN MASSACHUSETTS. IT IS SUED IN ITS INDIVIDUAL AND OFFICIAL CAPACITIES.

5.

14. IN 2009, MADISON BEGAN WORKING AS A CONFIDENTIAL INFORMANT FOR THE PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE, THE STATE POLICE, AND THE CITY OF BROCKTON POLICE DEPARTMENT.

15. SAID COOPERATION INITIATED WHILE MADISON WAS CONFINED IN THE SUFFOLK COUNTY SHERIFF'S DEPARTMENT'S CUSTODY. MADISON CONTACTED SUFFOLK COUNTY JAIL INVESTIGATORS AND NOTIFIED SUCH THAT HE HAD INFORMATION AS TO UNSOLVED HOMICIDES IN PLYMOUTH COUNTY. A FEW DAYS THEREAFTER MADISON MET WITH DEFENDANTS COPPENRATH AND CLEMENT AND SUBSEQUENTLY WAS TRANSPORTED TO PLYMOUTH COUNTY SUPERIOR COURTHOUSE IN BROCKTON, MASSACHUSETTS SO AS TO PROVIDE TESTIMONY AS TO SAID HOMICIDE(S). PRIOR TO PROVIDING TESTIMONY BEFORE A GRAND JURY, MADISON MET WITH COPPENRATH, CLEMENT, AND TWO ASSISTANT DISTRICT ATTORNEY'S FROM THE PLYMOUTH COUNTY D.A.'S OFFICE. MADISON WAS COACHED AS TO WHAT TO TESTIFY TO BY SAID PARTIES. SAID PARTIES INFORMED MADISON THAT IF HE STATED AND TESTIFIED AS TO WHAT THEY WANTED HIM TO THEN CONVICTIONS WOULD BE SECURED. MADISON TESTIFIED AS TO WHAT HE WAS INSTRUCTED TO TESTIFY TO. MADISON WAS SUBSEQUENTLY RELEASED FROM CUSTODY.

16 MADISON WAS INFORMED BY DEFENDANT MIDDLETON THAT WHILE ACTING IN HIS CAPACITY AS A CONFIDENTIAL INFORMANT, MADISON WOULD REPORT TO COPPENRATH, A TROOPER WITH THE STATE POLICE. MADISON ALSO REPORTED TO CLEMENTS AND GALVAN

17. THE INTELLIGENCE GARNISHED BY MADISON WAS SHARED

6.

WITH THE STATE POLICE, PLYMOUTH COUNTY DA'S OFFICE, AND THE BROCKTON POLICE DEPARTMENT, INCLUDING DEFENDANTS CRUZ AND MIDDLETON.

18. MADISON AND COPPENRATH ARRANGED TIMES AND DATES IN WHICH TO MEET SO AS TO DISCUSS, PROVIDE, AND RECEIVE THE INTELLIGENCE GATHERED IN THE COMMUNITY AND THE INTELLIGENCE PROVIDED TO MADISON FROM COPPENRATH SO AS TO PERMIT MADISON TO GATHER INTELLIGENCE AND EXERCISE SURVEILLANCE AS TO SPECIFIC TARGETS, ACTIVITIES, EVENTS, AND LOCATIONS.

19. OFTEN, COPPENRATH, GALVAN, AND CLEMENTS WOULD NOTIFY MADISON THAT A SPECIFIC FOCUS OF INTELLIGENCE WAS AT THE INSTRUCTION OF DEFENDANT CRUZ AND/OR DEFENDANT MIDDLETON.

20. UPON ENTERING INTO AGREEMENT TO BECOME A CONFIDENTIAL INFORMANT, THE STATE POLICE, BROCKTON POLICE, AND THE PLYMOUTH COUNTY DA'S OFFICE GUARANTEED THE ABSOLUTE CONFIDENTIALITY OF MADISON'S IDENTITY AND COOPERATION UNLESS MADISON'S TESTIMONY WAS REQUIRED DURING A PROCEEDING FOR SIXTH AMENDMENT CONFRONTATION PURPOSES. IN ADDITION MADISON WAS INFORMED THAT THE JUSTICE DEPARTMENT IN WASHINGTON D.C. HAD SIGNED AN AUTHORIZATION FOR MADISON'S CONFIDENTIAL INFORMANT STATUS.

21. MADISON WAS NEVER REQUIRED TO PROVIDE TESTIMONY DURING ANY PROCEEDING REQUIRING HIS IDENTITY TO BE REVEALED.

22. DEFENDANT CRUZ STATED TO MADISON THAT HE WAS AWARE THAT MADISON WOULD NOT WORK A REGULAR JOB, THUS MADISON SHOULD MAKE BEING A CONFIDENTIAL INFORMANT AS HIS EMPLOYMENT. CRUZ FURTHER INSTRUCTED MADISON NOT TO CHANGE HIS LIFE STYLE SO AS TO PROJECT AUTHENTICITY AND THAT CRUZ NEEDED MADISON ON THE STREET CONTINUING HIS INFORMANT ACTIVITIES.

23. MADISON INFORMED CRUZ AND MIDDLETON THAT HE CARRIED A FIREARM BOTH OF WHOM STATED THAT THEY WERE AWARE OF SUCH AND INFORMED MADISON HE HAD UNOFFICIAL AUTHORIZATION TO DO SO.

24. MADISON PROVIDED STATE POLICE, BROCKTON POLICE, AND THE PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE WITH A PLETHORA OF INFORMATION UTILIZED IN SECURING INDICTMENTS AND CONVICTIONS FOR DRUGS, FIREARMS, AND HOMICIDES.

25. AS PREVIOUSLY INDICATED, PRIOR TO HAVING TO PROVIDE CONFIDENTIAL TESTIMONY, SUCH AS AT GRAND JURY PROCEEDINGS, COPPENRATH, GALVAN, AND CLEMENTS WOULD "COACH" MADISON AS TO THE CONTEXT OF THE TESTIMONY HE WAS TO PROVIDE SO AS TO ASCERTAIN THAT ALL PARTIES WERE CONVINCED OF THE DEFENDANT (S) GUILT AND INVOLVEMENT.

26. COPPENRATH, GALVAN, AND CLEMENTS COACHED MADISON AS TO THE CONTEXT OF HIS TESTIMONY RESULTING IN

THE CONVICTIONS OF TWO INDIVIDUALS FOR HOMICIDE.

27. COPPENRATH, GALVAN, AND CLEMENTS COACHED MADISON SO AS TO PROVIDE TESTIMONY AS TO FACTS AND INFORMATION THAT WERE NOT OTHERWISE KNOWN TO MADISON PRIOR TO BEING COACHED.

28. COPPENRATH PROVIDED MADISON WITH HOUSING AND FINANCING, IN THE AMOUNT OF APPROXIMATELY $750- $900 PER WEEK, IN EXCHANGE FOR HIS CONFIDENTIAL INFORMANT ACTIVITIES. COPPENRATH INFORMED MADISON THAT CRUZ WANTED MADISON TO BE MADE AWARE THAT SAID HOUSING AND FINANCING ORIGINATED FROM CRUZ.

29. AT SOME POINT, MADISON WAS ARRESTED AND CONFINED ON FIREARM CHARGES RESULTING IN CRUZ MOVING TO HAVE SAID CHARGES AMENDED AND REDUCED.

30. IN LATE JUNE/EARLY JULY OF 2015, DEFENDANT BRADLEY, A FORMER ASSISTANT DISTRICT ATTORNEY WITH THE PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE PROVIDED INFORMATION TO THE BOSTON GLOBE NEWSPAPER STATING AND REVEALING THE IDENTITY, A SUMMARY OF MADISON'S COOPERATION WITH LAW ENFORCEMENT, AND MADISON'S COOPERATION WITH CRUZ AND CRUZ'S OFFICE.

31. CRUZ INFORMED THE BOSTON GLOBE NEWSPAPER OF MADISON'S COOPERATION WITH LAW ENFORCEMENT AND THAT HE HAD AMENDED MADISON'S FIREARM CHARGES SO AS TO ENABLE MADISON'S RELEASE FROM CUSTODY AND CONTINUE WORKING AS A CONFIDENTIAL INFORMANT.

32. ON JULY 5, 2015, THE BOSTON GLOBE NEWSPAPER PUBLISHED AN ARTICLE STATING THAT DEFENDANT BRADLEY IDENTIFIED MADISON AS A COOPERATING CONFIDENTIAL INFORMANT, A SUMMARY OF HIS INFORMANT ACTIVITIES, MADISON'S COOPERATION WITH DEFENDANT CRUZ, CRUZ'S ACKNOWLEDGEMENT OF SUCH, AND CRUZ'S STATEMENT THAT HE HAD AMENDED MADISON'S FIREARM CHARGES SO AS TO ENABLE MADISON'S RELEASE FROM CUSTODY SO AS TO PERMIT MADISON TO CONTINUE HIS INFORMANT ACTIVITIES.

33. WHEN THE BOSTON GLOBE NEWSPAPER ARTICLE WAS PUBLISHED MADISON WAS CONFINED AT THE ESSEX COUNTY CORRECTIONAL FACILITY ("ECCF").

34. NEITHER DEFENDANT COPPINGER     , NOR ANY OTHER ECCF OFFICIAL APPROACHED MADISON TO NOTIFY AND WARN HIM OF THE BOSTON GLOBE ARTICLE NOR WAS MADISON PROVIDED WITH AN OPPORTUNITY TO ENTER PROTECTIVE HOUSING.

35. WHILE CONFINED AT THE ECCF, AFTER PUBLICATION OF THE BOSTON GLOBE ARTICLE, ECCF PRISONERS BEGAN CALLING MADISON A "SNITCH", "RAT" AND "INFORMANT" UNTIL MADISON WAS

10.

PHYSICALLY ASSAULTED RESULTING IN MADISON'S RECEIPT OF A BLACK EYE AND ABRASIONS AND PLACEMENT IN SOLITARY CONFINEMENT. WHILE IN SOLITARY CONFINEMENT OTHER PRISONERS YELLED OBSENITIES AT MADISON, CALLED HIM "RAT" AND "SNITCH", BANGED ON HIS CELL WALL THROUGH ALL HOURS OF THE NIGHT SO AS TO PREVENT HIS SLEEP, DELIVERED HIS FOOD WITH URINE AND HUMAN FECES MIXED IN WITH THE FOOD, AND THREW URINE ON HIM AND SPIT AT HIM WHEN HE EXITED HIS CELL TO UTILIZE THE SHOWER.

36. UPON EXPIRATION OF HIS SOLITARY CONFINEMENT, THE E.C.C.F. RELEASED MADISON INTO THE E.C.C.F. GENERAL POPULATION WHEREUPON MADISON WAS ATTACKED AND ASSAULTED BY THREE OTHER PRISONERS.

37. MADISON WAS SUBSEQUENTLY TRANSFERRED FROM THE E.C.C.F. TO THE PLYMOUTH COUNTY CORRECTIONAL FACILITY ("P.C.C.F.") NEITHER DEFENDANT MCDONALD NOR ANY OTHER P.C.C.F. OFFICIAL OFFERED OR PROVIDED MADISON WITH PROTECTIVE HOUSING.

38. WHILE CONFINED AT THE P.C.C.F., MADISON RECEIVED SIMILAR TREATMENT AS THAT RECEIVED IN THE E.C.C.F. IN THAT OTHER PRISONERS IMMEDIATELY BEGAN CALLING HIM "RAT", "SNITCH", AND "INFORMANT" PRIOR TO MADISON BEING ASSAULTED PHYSICALLY.

39. MADISON SUFFERS BLURRED VISION IN HIS EYE SINCE THE DATE OF THE E.C.C.F. ASSAULT, HE SUFFERS FROM A LACK OF CONCENTRATION, MIGRAINES, INSOMNIA, AND ANXIETY.

40. AT ALL TIMES RELEVANT TO THIS COMPLAINT, WHILE CONFINED AT THE E.C.C.F. AND THE P.C.C.F., MADISON WAS A PRE-TRIAL DETAINEE.

## CAUSE OF ACTION

## COUNT-I

41. THE ACTIONS OF DEFENDANT CRUZ IN NOTIFYING THE MEDIA OF MADISON'S IDENTITY AND INFORMANT ACTIVITIES, IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF SAID NOTIFICATION AND FAILING TO INTERVENE AND/OR PREVENT DEFENDANT BRADLEY FROM REVEALING MADISON'S IDENTITY AND INFORMANT ACTIVITIES CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH (PRE-TRIAL DETAINEE) AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## COUNT-II

42. THE ACTIONS OF DEFENDANT BRADLEY IN NOTIFYING THE MEDIA OF MADISON'S IDENTITY AND INFORMANT ACTIVITIES AND IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF SAID NOTIFICATION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT

IN VIOLATION OF THE EIGHTH AND FOURTEENTH (PRE-TRIAL DETAINEE) AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## COUNT-III

43. THE ACTIONS OF DEFENDANT COPPENRATH IN FAILING TO INTERVENE AND/OR PREVENT DEFENDANTS CRUZ AND BRADLEY FROM REVEALING THE IDENTITY OF MADISON AND MADISON'S INFORMANT ACTIVITIES AND IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF SAID NOTIFICATION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH (PRE-TRIAL DETAINEE) AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## COUNT IV

44. THE ACTIONS OF DEFENDANT GALVAN IN FAILING TO INTERVENE AND/OR PREVENT DEFENDANTS CRUZ AND BRADLEY FROM REVEALING MADISON'S IDENTITY AND INFORMANT ACTIVITIES TO THE MEDIA AND IN FAILING TO NOTIFY E.C.C.F AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF SAID NOTIFICATION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH (PRE-TRIAL DETAINEE) AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## COUNT-V

45. THE ACTIONS OF DEFENDANT COPPINGER IN FAILING TO PROVIDE FOR MADISON'S SAFETY, AT THE E.C.C.F., UPON PUBLICATION OF THE BOSTON GLOBE ARTICLE, PRIOR TO THE INITIAL ASSAULT, WHILE HE WAS IN SEGREGATION, AND PRIOR TO THE SUBSEQUENT ASSAULT, CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH (PRE-TRIAL DETAINEE) AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## COUNT-VI

46. THE ACTIONS OF DEFENDANT McDONALD IN FAILING TO PROVIDE FOR MADISON'S SAFETY, AT THE P.C.C.F., UPON PUBLICATION OF THE BOSTON GLOBE ARTICLE AND AFTER THE ASSAULTS UPON MADISON AT THE E.C.C.F. AS A RESULT OF THE BOSTON GLOBE ARTICLE CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH (PRE-TRIAL DETAINEE) AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## COUNT-VII

47. THE ACTIONS OF DEFENDANT CRUZ IN NOTIFYING THE MEDIA OF MADISON'S IDENTITY AND INFORMANT ACTIVITIES CONSTITUTED THE TORT OF NEGLIGENCE.

14.

## COUNT-VIII

48. THE ACTIONS OF DEFENDANT CRUZ IN NOTIFYING THE MEDIA OF MADISON'S IDENTITY AND INFORMANT ACTIVITIES CONSTITUTED THE TORT OF RECKLESS MISCONDUCT.

## COUNT-IX

49. THE ACTIONS OF DEFENDANT CRUZ IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF NOTIFICATION TO AND PUBLICATION OF THE BOSTON GLOBE ARTICLE CONSTITUTED THE TORT OF NEGLIGENCE.

## COUNT-X

50. THE ACTIONS OF DEFENDANT CRUZ IN FAILING TO PREVENT AND/OR INTERVENE IN DEFENDANT BRADLEY'S NOTIFICATION OF MADISON'S IDENTITY AND INFORMANT ACTIVITIES TO THE BOSTON GLOBE CONSTITUTED THE TORT OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION.

## COUNT-XI

51. THE ACTIONS OF DEFENDANT BRADLEY IN NOTIFYING THE MEDIA OF MADISON'S IDENTITY AND INFORMANT ACTIVITIES CONSTITUTED THE TORT OF NEGLIGENCE.

15.

## COUNT-XII

52: THE ACTIONS OF DEFENDANT BRADLEY IN NOTIFYING THE MEDIA OF MADISON'S IDENTITY AND INFORMANT ACTIVITIES CONSTITUTED THE TORT OF RECKLESS MISCONDUCT.

## COUNT-XIII

53. THE ACTIONS OF DEFENDANT BRADLEY IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF NOTIFICATION AND PUBLICATION OF THE BOSTON GLOBE ARTICLE CONSTITUTED THE TORT OF NEGLIGENCE.

## COUNT-XIV

54. THE ACTIONS OF DEFENDANT COPPENRATH IN FAILING TO INTERVENE AND/OR PREVENT DEFENDANTS CRUZ AND BRADLEY FROM REVEALING MADISON'S IDENTITY AND INFORMANT ACTIVITIES TO THE MEDIA CONSTITUTED THE TORT OF NEGLIGENCE.

## COUNT-XV

55. THE ACTIONS OF DEFENDANT COPPENRATH IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF NOTIFICATION AND PUBLICATION OF THE BOSTON GLOBE ARTICLES CONSTITUTED

16.

THE TORT OF NEGLIGENCE.

## COUNT-XVI

56. THE ACTIONS OF DEFENDANT GALVAN IN FAILING TO INTERVENE AND/OR PREVENT DEFENDANTS CRUZ AND BRADLEY FROM REVEALING MADISON'S IDENTITY AND INFORMANT ACTIVITIES CONSTITUTED THE TORT OF NEGLIGENCE.

## COUNT-XVII

57. THE ACTIONS OF DEFENDANT GALVAN IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF NOTIFICATION AND PUBLICATION OF THE BOSTON GLOBE ARTICLE CONSTITUTED THE TORT OF NEGLIGENCE.

## COUNT-XVIII

58. THE ACTIONS OF DEFENDANT COPPINGER IN FAILING TO PROVIDE FOR MADISON'S SAFETY AT THE E.C.C.F. CONSTITUTED THE TORT OF NEGLIGENCE.

## COUNT-IXX

59. THE ACTIONS OF DEFENDANT MCDONALD IN FAILING TO PROVIDE FOR MADISON'S SAFETY AT THE E.C.C.F.

CONSTITUTED THE TORT OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION.

## COUNT- XX

60. THE ACTIONS OF DEFENDANT COPPINGER IN FAILING TO PROVIDE FOR MADISON'S SAFETY AT THE P.C.C.F. CONSTITUTED THE TORT OF NEGLIGENCE.

## COUNT- XXI

61. THE ACTIONS OF DEFENDANT MCDONALD IN FAILING TO PROVIDE FOR MADISON'S SAFETY AT THE P.C.C.F. CONSTITUTED THE TORT OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION.

## COUNT- XXII

62. THE ACTIONS OF DEFENDANT CRUZ IN NOTIFYING THE MEDIA OF MADISON'S IDENTITY AND INFORMANT ACTIVITES RESULTING IN MADISON HAVING BEEN ASSAULTED CONSTITUTED THE TORT OF VICARIOUS ASSAULT AND BATTERY (IMPUTED).

## COUNT- XXIII

63 THE ACTIONS OF DEFENDANT BRADLEY IN NOTIFYING THE MEDIA OF MADISON'S IDENTITY AND INFORMANT ACTIVITIES

18.

RESULTING IN MADISON HAVING BEEN ASSAULTED CONSTITUTED THE TORT OF VICARIOUS ASSAULT AND BATTERY (IMPUTED).

## COUNT-XXIV

64. THE ACTIONS OF DEFENDANT COPPINGER IN FAILING TO PROVIDE FOR THE SAFETY OF MADISON AT THE E.C.C.F. RESULTING IN MADISON HAVING BEEN ASSAULTED CONSTITUTED THE TORT OF VICARIOUS ASSAULT AND BATTERY (IMPUTED).

## COUNT-XXV

65. THE ACTIONS OF DEFENDANT MCDONALD IN FAILING TO PROVIDE FOR THE SAFETY OF MADISON AT THE P.C.C.F. RESULTING IN MADISON HAVING BEEN ASSAULTED CONSTITUTED THE TORT OF VICARIOUS ASSAULT AND BATTERY (IMPUTED).

## COUNT-XXVI

66. THE ACTIONS OF THE EMPLOYEES OF DEFENDANT PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE CONSTITUTED THE TORTS OF NEGLIGENCE, RECKLESS MISCONDUCT, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, ASSAULT AND BATTERY, AND NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

## COUNT-XXVII

67. THE ACTIONS OF THE EMPLOYEES OF DEFENDANT STATE POLICE DEPARTMENT CONSTITUTE THE TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

## COUNT-IXXX

68. THE ACTIONS OF THE EMPLOYEES OF DEFENDANT ESSEX COUNTY SHERIFF'S DEPARTMENT CONSTITUTE THE TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, ASSAULT AND BATTERY, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

## COUNT-XXX

69. THE ACTIONS OF THE EMPLOYEES OF DEFENDANT PLYMOUTH COUNTY SHERIFF'S DEPARTMENT CONSTITUTE THE TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, ASSAULT AND BATTERY, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

## COUNT-XXXI

70. THE ACTIONS OF THE DEFENDANTS, COLLECTIVELY, AS

20.

INDICATED IN PARAGRAPHS 14 THROUGH 40, CONSTITUTED THE TORTS OF NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

## COUNT - XXXII

71. THE ACTIONS OF DEFENDANT MIDDLETON IN FAILING TO INTERVENE AND/OR PREVENT DEFENDANTS CRUZ AND BRADLEY FROM REVEALING MADISON'S IDENTITY AND INFORMANT ACTIVITIES TO THE MEDIA AND IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F. OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF SAID NOTIFICATION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENT (PRETRIAL DETAINEE) TO THE UNITED STATES CONSTITUTION, NEGLIGENCE, AND NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

## COUNT - XXXIII

72. THE ACTIONS OF DEFENDANT CLEMENTS IN FAILING TO INTERVENE AND/OR PREVENT DEFENDANTS CRUZ AND BRADLEY FROM REVEALING MADISON'S IDENTITY AND INFORMANT ACTIVITIES TO THE MEDIA AND IN FAILING TO NOTIFY E.C.C.F. AND P.C.C.F OFFICIALS OF THE THREAT POSED TO MADISON'S SAFETY AS A RESULT OF SAID NOTIFICATION CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH (PRETRIAL DETAINEE) AMENDMENTS TO THE UNITED STATES CONSTITUTION, NEGLIGENCE, AND NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

21.

# Relief Requested

73. WHEREFORE, PLAINTIFF REQUESTS THIS HONORABLE COURT TO GRANT THE FOLLOWING RELIEF:

A. DECLARE THAT THE ACTIONS OF DEFENDANT CRUZ VIOLATED MADISON'S RIGHTS SECURED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE TORTS OF NEGLIGENCE, RECKLESS MISCONDUCT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, AND VICARIOUS ASSAULT AND BATTERY.

B. DECLARE THAT THE ACTIONS OF DEFENDANT BRADLEY VIOLATED MADISON'S RIGHTS SECURED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE TORTS OF NEGLIGENCE, RECKLESS MISCONDUCT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, AND VICARIOUS ASSAULT AND BATTERY.

C. DECLARE THAT THE ACTIONS OF DEFENDANT COPPENRATH VIOLATED MADISON'S RIGHTS SECURED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE TORTS OF NEGLIGENCE AND INTENTIONAL AND

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

D. DECLARE THAT THE ACTIONS OF DEFENDANT GALVAN VIOLATED MADISON'S RIGHTS SECURED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE TORTS OF NEGLIGENCE AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

E. DECLARE THAT THE ACTIONS OF DEFENDANT McDONALD VIOLATED MADISON'S RIGHTS SECURED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, VICARIOUS ASSAULT AND BATTERY, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

F. DECLARE THAT THE ACTIONS OF DEFENDANT COPPINGER VIOLATED MADISON'S RIGHTS SECURED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, VICARIOUS ASSAULT AND BATTERY, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

G. DECLARE THAT THE ACTIONS OF THE EMPLOYEES OF DEFENDANT PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE CONSTITUTED THE TORTS OF NEGLIGENCE, RECKLESS MISCONDUCT, NEGLIGENT HIRING, TRAINING, AND SUPERVISION; ASSAULT AND BATTERY, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

23.

H. DECLARE THAT THE ACTIONS OF THE EMPLOYEES OF THE DEFENDANT STATE POLICE CONSTITUTE THE TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

I. DECLARE THAT THE ACTIONS OF THE EMPLOYEES OF THE DEFENDANT ESSEX COUNTY SHERIFF'S DEPARTMENT CONSTITUTE THE TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, ASSAULT AND BATTERY, AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

J. DECLARE THAT THE ACTIONS OF THE EMPLOYEES OF THE DEFENDANT PLYMOUTH COUNTY SHERIFF'S DEPARTMENT CONSTITUTE THE TORTS OF NEGLIGENCE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, ASSAULT AND BATTERY AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

K. ENJOIN THE DEFENDANTS FROM REVEALING MADISON'S IDENTITY AND INFORMANT ACTIVITIES TO ANY MEDIA OUTLETS PRESENTLY OR IN THE FUTURE.

L. ENJOIN THE DEFENDANTS FROM EXERCISING RETALITORY ACTION FOR THE EXERCISE OF THE INSTANT ACTION.

M. ORDER DEFENDANT CRUZ TO PAY MADISON APPROPRIATE DAMAGES.

N. ORDER DEFENDANT BRADLEY TO PAY MADISON APPROPRIATE DAMAGES.

O. ORDER DEFENDANT COPPENRATH TO PAY MADISON APPROPRIATE DAMAGES.

P. ORDER DEFENDANT GALVAN TO PAY MADISON APPROPRIATE DAMAGES.

Q. ORDER DEFENDANT CLEMENTS TO PAY MADISON APPROPRIATE DAMAGES.

R. ORDER DEFENDANT COPPINGER TO PAY MADISON APPROPRIATE DAMAGES.

S. ORDER DEFENDANT McDONALD TO PAY MADISON APPROPRIATE DAMAGES.

T. ORDER DEFENDANT STATE POLICE TO PAY MADISON APPROPRIATE DAMAGES.

U. ORDER DEFENDANT PLYMOUTH COUNTY DISTRICT ATTORNEY'S OFFICE TO PAY MADISON APPROPRIATE DAMAGES.

V. ORDER DEFENDANT ESSEX COUNTY SHERIFF'S DEPARTMENT TO PAY MADISON APPROPRIATE DAMAGES.

W. ORDER DEFENDANT MIDDLETON TO PAY MADISON APPROPRIATE DAMAGES.

X. ORDER DEFENDANT PLYMOUTH COUNTY SHERIFF'S DEPARTMENT TO PAY MADISON APPROPRIATE DAMAGES.

Y. ANY AND ALL OTHER RELIEF THIS COURT DEEMS JUST AND APPROPRIATE.

74. PLAINTIFF DEMANDS TRIAL BY JURY.

RESPECTFULLY,

12-13-17
DATED

LINANEL BROWN MADISON
W-109347
SBCC.
BOX 8000
SHIRLEY, MA 01464

## VERIFICATION

I, LINANEL BROWN MADISON, HEREBY VERIFY UNDER PAINS AND PENALTIES OF PERJURY THAT THE FACTS SET FORTH IN PARAGRAPHS 1 THROUGH 35 ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE.

SIGNED ON THIS 13 DAY OF December 2017.

LINANEL BROWN MADISON.

26.