UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINANEL BROWN MADISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIMOTHY CRUZ, et al., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br><br>NO. 17-40168-TSH |

## ORDER AND MEMORANDUM ON DEFENDANT CRUZ'S MOTION TO DISMISS
## (Docket No. 52)

**June 25, 2019**

**HILLMAN, D.J.**

Linanel Brown Madison ("Plaintiff") asserts several claims against various Defendants for retaliation after it was revealed that he worked as an informant for law enforcement officials. Relevant to this motion, he brings claims against District Attorney for Plymouth County, Timothy Cruz ("Defendant Cruz"), for violation of his Fourteenth Amendment right to be free from cruel and unusual punishment,[1] negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress for revealing to the Boston Globe his identity as an informant, failing to intervene or prevent Defendant Bradley from revealing the same information, and subsequently failing to notify prison officials of the risk to his safety.

---

[1] This right is guaranteed to convicted criminals by the Eighth Amendment while a substantively identical right is guaranteed to pretrial detainees by the Due Process Clause of the Fourteenth Amendment. *See Suprenant v. Rivas*, 424 F.3d 5, 18 (1st Cir. 2005).

Defendant Cruz has moved to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 52). For the reasons stated below, Defendant's motion is **_granted_** in part and **_denied_** in part.

## Background

The factual background is taken from Plaintiff's Complaint (Docket No. 1) and assumed to be true at this stage of the litigation. The Court will also consider facts susceptible of judicial notice that "can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b).

Prior to 2015, Plaintiff worked as an informant for the Plymouth County District Attorney's Office ("PCDAO"), the Massachusetts State Police, and the Brockton Police. On July 5, 2015, Defendants Bradley and Cruz revealed to the Boston Globe Plaintiff's identity as an informant and his activities as such.

When the Boston Globe article was published, Plaintiff was a pretrial detainee at the Essex County Correctional Facility ("ECCF"). After the article was published, other inmates continually harassed Plaintiff, threw urine on him, placed feces in his food, and assaulted him, which resulted in a black eye and abrasions on his face. Plaintiff was subsequently placed in solitary confinement and, upon rejoining the general population, was again assaulted.

Thereafter, Plaintiff was transferred to the Plymouth County Correction Facility ("PCCF") where he was again attacked by inmates. Plaintiff continues to experience blurred vision, difficulties concentrating, migraines, insomnia, and anxiety.

The Court will take judicial notice of the fact that Defendant Bradley was fired as a Plymouth Assistant District Attorney on September 28, 2012, almost three years before the events giving rise to this ligation. *See Bradley v. Cruz*, 2017 WL 1197700, at *4 (D. Mass. Mar. 30, 2017)

("[O]n September 28, [2012,] Horan summoned Bradley to his office at Cruz's behest and asked Bradley to resign. When Bradley refused, Horan said he was fired.").

## **Legal Standard**

A defendant may also move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

### Discussion

1. *Official Capacity Claims*

   a. *Claims for Monetary Damages*

Insofar as Plaintiff's seeks monetary relief for his claims against Defendant Cruz in his official capacity, they must be dismissed. Such official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and is therefore "to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985) (citations omitted). Accordingly, official capacity suits are subject to the Eleventh Amendment, which bars suits for damages brought by individuals in Federal Court, absent lawful Congressional abrogation or consent of the state. *Seminole Tribe of Fla. V. Fla.*, 517 U.S. 44, 54-71 116 S.Ct. 1114 (1996).

Defendant Cruz, in his official capacity, is not amenable to suit for damages pursuant to Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304 (1989) ("[A] state is not a 'person' within the meaning of § 1983."); *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."); *Destek Grp., Inc. v. State of New Hampshire Publ. Utilities Comm'n*, 318 F.3d 32, 40 (1st Cir. 2003) ("[N]either a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action.").

In addition, Plaintiff's state law claims against Defendant Cruz in his official capacity are also barred. The Commonwealth has not waived its immunity for intentional torts. *See* Mass. Gen. Laws ch. 258, § 10(c). Although the Commonwealth has partially waived its immunity for non-intentional torts, that waiver only applies in state, not federal court. *See id.* § 2; *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court." (citation omitted)); *see also Atascadero State Hosp. v. Scanion*, 473 U.S. 234, 241, 105 S.Ct. 3142 (1985) ("[I]n order for a state statute . . . to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." (emphasis in original)).

### b. Claims for Equitable Relief

"Under *Ex parte Young*, state officers do not have Eleventh Amendment immunity from claims for prospective injunctive relief." *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 123 (1st Cir. 2003) (citing *Ex parte Young*, 209 U.S. 123, 155-56, 159-60, 28 S.Ct. 441 (1908)); *see also Greenless v. Almond*, 277 F.3d 601, 607 (1st Cir. 2002) (noting that *Ex parte Young* "allows a plaintiff to enforce a claim of federal right by obtaining injunctive or declaratory relief against a state officer in the officer's official capacity." (citation omitted)).

### i. Declaratory Relief

Plaintiff seeks a declaration that Defendant Cruz "violated [his] rights secured by the Eight and Fourteenth Amendments to the United States Constitution and the torts or negligence reckless misconduct, intentional and negligent infliction of emotional distress, negligent hiring, training, and supervision, and vicarious assault and battery." (Docket No. 1 ¶ 73(A)).

Declaratory judgements provide "a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either

party may seek a coercive remedy." 10B Charles Allen Wright et al., *Federal Practice and Procedure* § 2751 (4th ed.).

"With limited exceptions, not present here, issuance of a declaratory judgment deeming past conduct illegal is . . . not permissible as it would be merely advisory." *ACLU of Mass. v. U.S. Conf. of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013) (citations omitted); *see also Donald M. v. Matava*, 668 F. Supp. 703, 706 (D. Mass. 1987) ("The Eleventh Amendment also bars suits against state officials for declaratory relief for past unlawful conduct where there is no continuing violation and thus no need for injunctive relief."). For declaratory relief to survive a mootness challenge, the facts alleged must "show that there is a substantial controversy . . . *of sufficient immediacy and reality to warrant the issuance of a declaratory judgment*." *Preiser v. Newkirk*, 422 U.S. 395, 402, 95 S.Ct. 2330 (1975) (quoting *Md. Cas. Co. v. Pac. Co.*, 312 U.S. 270, 273, 61 S.Ct. 510 (1941)) (emphasis in original). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987).

Plaintiff only seeks declaratory judgment that Defendant Cruz's past conduct was unlawful. There is no real question of conflicting legal interests for the Court to determine. Accordingly, Plaintiff's request for declaratory judgment must be denied.

### ii. Injunctive Relief

Plaintiff also seeks injunctive relief barring Defendant Cruz from "revealing [his] identity and informant activities to any media outlets presently or in the future" or retaliating against him for having filed this suit. (Docket No. 1 ¶¶ 73(K), (L)).

As noted above, a plaintiff may "enforce a claim of federal right by obtaining injunctive or declaratory relief against a state officer in the officer's official capacity. . . . [T]he purpose of this

exception is to prevent continuing violations of federal law, but not to remedy past violations." *Greenless v. Almond*, 277 f.3d 601, 607 (1st Cir. 2002); *see also Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 294, 117 S.Ct. 2028 (1997) (O'Connor, J., concurring in part and concurring in the judgment) ("[A] *Young* suit is available where ap plaintiff alleges an *ongoing* violation of *federal* law, and where the relief sough is *prospective* rather than *retrospective*.").

Here, while Plaintiff seeks prospective relief, he has provided the Court no basis from which it can infer any possibility of an ongoing violation of federal law.  Accordingly, his request for injunctive relief must also be denied.

2.   *Individual Capacity Claims*

a.   *Constitutional Claims (Count I)*

Plaintiff claims that Defendant Cruz violated his constitutional rights to be free from cruel and unusual punishment by revealing his activity as an informant to the Boston Globe, failing to prevent Defendant Bradley from revealing the same information, and failing to subsequently ensure his safety.

State officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994) (quotation marks and citations omitted).  Accordingly, state "officials must take reasonable measures to guarantee inmates' safety from attacks by other inmates." *Calderon–Ortiz v. LaBoy–Alvarado*, 300 F.3d 60, 64 (1st Cir. 2002).  "This constitutional protection is available to pretrial detainees through the Due Process Clause of the Fourteenth Amendment and is 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S.Ct. 2979 (1983)).

However, "not every injury a prisoner suffers at the hands of another prisoner is actionable." *Id.* (citations omitted). To succeed on a deliberate indifference claim, "[t]he plaintiff must first show that the deprivation alleged is objectively, sufficiently serious. In a failure to protect case, the plaintiff must show that the conditions of incarceration pose a substantial risk of serious harm." *Id.* (quotation marks and citation omitted). In addition, the Plaintiff must also show that the defendant has "a sufficiently culpable state of mind. The culpable state of mind required is that of deliberate indifference to an inmate's health or safety." *Id.* (quotation marks and citation omitted).

Insofar as the claim is based on Defendant Cruz's failure to prevent Defendant Bradley from informing the Boston Globe of Plaintiff's activities as an informant, that claim must be dismissed. As noted above, the Court will take judicial notice of the fact that almost three years before the Boston Globe article was published, Defendant Bradley was fired from his position at the Plymouth District Attorney's Office. Accordingly, even if Defendant Bradley did reveal Plaintiff's status, Defendant Cruz could not have been expected to prevent it.

Regarding the claim that Defendant Cruz revealed Plaintiff's activities, Defendant Cruz contends that Plaintiff has not alleged any facts to suggest that Defendant Cruz was aware of his incarceration when the Boston Globe article was published or of any risk the article posed. As noted above, because Plaintiff is pro se, the Court will construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson,* 551 U.S. at 94, 127 S.Ct. 2197. In addition, "[b]ecause deliberate indifference is a context-dependent inquiry, the Court will err on the side of caution, and permit the . . . claim to go forward at least to the summary-judgement stage." *Pimentel v. City of Methuen*, 323 F. Supp. 3d 255, 268 (D. Mass. 2018).

> *b. State Law Claims*
>
> *i. Negligence and "Reckless Misconduct" (Counts VII, VIII, & IX)*

"While the MTCA authorizes certain negligence actions against public employers, it 'simultaneously shields public employees from personal liability for negligent conduct.'" *Canales v. Gatzunis*, 979 F. Supp. 2d 164, 174 (D. Mass. 2013) (quoting *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003)).  However, public employees are only shielded from liability insofar as their negligence or wrongful act occurs while they were "acting within the scope of [their] office or employment." Mass. Gen. Laws ch. 258, § 2.

"Massachusetts courts look to the common law to define the scope of employment for purposes of the Tort Claims Act, asking 'whether the act was in furtherance of the employer's work." *Doe v. Fournier*, 851 F. Supp. 2d 207, 224 (D. Mass. 2012) (quoting *Clickner v. City of Lowell*, 422 Mass. 539, 542, 663 N.E.2d 852 (1996)).  The Court must therefore consider "whether the conduct was the kind that the employee was hired to perform, whether it occurred within the time and space authorized by the employment, and whether it was at least partly motivated by a desire to serve the employer." *Id.* (citing *Clickner*, 422 Mass. at 542, 663 N.E.2d 852).

Defendant Cruz argues that Plaintiff "does not allege that any of [Defendant] Cruz's acts or omissions were outside the scope of his office.  Thus, [Plaintiff] has not stated any claim for negligence or 'reckless' conduct against [Defendant] Cruz, in his individual capacity." (Docket No. 53, at 7).  Whether Defendant Cruz was acting within the scope of his employment, however, is not an element of Plaintiff's claims that must be plausibly pled.  Rather, Defendant Cruz bears the "burden of proof on the issue of the entitlement to immunity as a public employee." *Lopes v. Riendeau*, 177 F. Supp. 3d 634, 664 (D. Mass. 2016) (quoting *Tomaccio v. Hardy*, 2007 WL 1630961, at *3 (Mass. Super. May 25, 2007)).  I find that it is not clear from the face of Plaintiff's

complaint whether Defendant Cruz was acting within the scope of his employment when he revealed Plaintiff's identity to the Boston Globe. *Cf. Jaundoo v. Clarke*, 690 F. Supp. 2d 20, 29 (D. Mass. 2010) (finding statement in complaint "that at all relevant times, Berry '*was acting within the scope of her employment as an employee* of [a public employer]'" sufficient to find defendant immune from suit at pleadings stage (emphasis added)). Accordingly, the Court will not decide at this stage in the proceedings whether Defendant Cruz was acting within the scope of his employment and is therefore is entitled to immunity from suit in his individual capacity.

Defendant Cruz next argues that Plaintiff has failed to plausibly state a negligence claim because the attacks by other inmates broke the chain of causation necessary for liability. (Docket No. 53, at 9-10). "The intervening criminal act of a third party is a superseding cause which breaks the chain of proximate causation *only where the where the reasonable could not have foreseen such act*." *Copithorne v. Framingham Union Hosp.*, 401 Mass. 860, 862, 520 N.E.2d 139 (1988) (emphasis added). If Defendant Cruz informed the Boston Globe that Plaintiff was an informant for law enforcement, I find that it would have been foreseeable that he might be consequently harmed. Indeed, rather than being an unforeseeable break in the causal chain, Defendant Cruz's disclosure would have directly caused the subsequent harm.

*ii. Negligent and Intentional Infliction of Emotional Distress (Count XXVII)*

*1. Negligent Infliction*

To prevail on a claim for negligent infliction of emotional distress under Massachusetts law, a plaintiff must show: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." *Payton v. Abbot Labs*, 386 Mass. 540, 557, 437 N.E.2d 171 (1982).

Defendant points to *Schofield v. Clarke*, where a different session of this Court dismissed a claim for negligent infliction of emotional distress where "[a]lthough [the plaintiff] has alleged emotional distress (and separately alleged unrelated physical harm caused by another inmate's assault), he fails to allege any physical harm manifested by 'objective symptomology' of the emotional distress." 769 F. Supp. 2d 42, 50 (D. Mass. 2011).

Here, however, Plaintiff alleges that he suffers from "lack of concentration, migraines, insomnia, and anxiety." (Docket No. 1 ¶ 39). Thus, Plaintiff has alleged physical harm as a result of his emotional distress.[2] As this is Defendant Cruz's only argument why the claim for negligent infliction of emotional distress should be dismissed, Count XXVII survives this motion insofar as it is based on negligent infliction of emotional distress.

### 2. *Intentional Infliction*

To prevail on a claim for intentional infliction, a plaintiff must show:

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it.

*Agis v. Howard Johnson Co.*, 371 Mass. 140-144-45, 355 N.E.2d 315 (1976) (quotation marks and citations omitted). Defendant Cruz argues that "plaintiff alleges nothing to suggest that [Defendant] Cruz intended to inflict emotional distress on the plaintiff or knew that the plaintiff would suffer emotional distress." (Docket No. 53, at 10).

---

[2] Plaintiff's claim appears to be under state law but whether construed under state or federal law, it will survive. Federal law similarly prohibits a prisoner from bringing a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because Plaintiff has plausibly alleged objective symptomology, his claim would also satisfy the federal threshold.

Of course, a plaintiff "need not plead facts sufficient to establish a *prima facie* case at the pleading stage." *Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 719 (1st Cir. 2014). Accordingly, "no single allegation need establish some necessary element of the cause of action, provided that, in sum, the allegations of the complaint make the claim as a whole at least plausible." *Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 24 (1st Cir. 2014). Here, I find it is plausible from the facts alleged that Defendant Cruz should have known that revealing Plaintiff's identity as an informant would cause severe distress. Accordingly, insofar as Count XXVII is based on intentional infliction of emotional distress, it also survives.

*3. Vicarious Assault and Battery (Count XXII)*

Plaintiff alleges that Defendant Cruz failed to provide for his safety and is therefore vicariously liable for the subsequent assault and battery by fellow inmates. Under Massachusetts law, "the guiding principle used in deciding cases involving an assertion of vicarious liability" is "the right to control the physical conduct of the other." *Hohenleitner v. Quorum Health Resources, Inc.*, 435 Mass. 424, 436, 758 N.E.2d 616 (2001). Here, the doctrine is inapposite as Defendant Cruz had no right to control the physical conduct of Plaintiff's fellow inmates.

## Conclusion

For the reasons stated above, Defendant Cruz's motion (Docket No. 52) is ***granted*** in part and ***denied*** in part. Accordingly,

(1) Insofar as Plaintiff's claims are against Defendant Cruz in his official capacity, they are dismissed.

(2) Plaintiff has failed to plausibly demonstrate entitlement to equitable relief.

(3) Count XXII is dismissed.

(4) Count I is dismissed insofar as it is based on Defendant Cruz's failure to prevent Defendant Bradley from informing the Boston Globe that Plaintiff acted as an informant.

(5) Counts I (subject to (4)), VII, VIII, IX, and XXVII survive this motion.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**