UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINANEL BROWN MADISON,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY CRUZ, et al.,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 17-40168-TSH |

## ORDER AND MEMORANDUM ON DEFENDANT MIDDLETON'S MOTION TO DISMISS (Docket No. 38)

**August 1, 2019**

**HILLMAN, D.J.**

Linanel Brown Madison ("Plaintiff") asserts several claims against various Defendants for retaliation after it was revealed that he worked as an informant for law enforcement officials. Relevant to this motion, he brings claims against former First Assistant District Attorney for the Plymouth County District Attorney's Office, Frank Middleton ("Defendant Middleton"), for violation of his Fourteenth Amendment right to be free from cruel and unusual punishment,[1] negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress by "failing to intervene and/or prevent" Defendants Cruz and Bradley from revealing his identity as an informant and subsequently failing to notify prison officials of the risk to his safety. (Count XXXII).

---

[1] This right is guaranteed to convicted criminals by the Eighth Amendment while a substantively identical right is guaranteed to pretrial detainees by the Due Process Clause of the Fourteenth Amendment. *See Suprenant v. Rivas*, 424 F.3d 5, 18 (1st Cir. 2005).

Defendant McDonald has moved to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 38).  For the reasons stated below, Defendant's motion is ***granted***.

## Background

The factual background is taken from Plaintiff's Complaint (Docket No. 1) and assumed to be true at this stage of the litigation.  The Court will also consider facts susceptible of judicial notice that "can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid. 201(b).

Prior to 2015, Plaintiff worked as an informant for the Plymouth County District Attorney's Office ("PCDAO"), the Massachusetts State Police, and the Brockton Police.  On July 5, 2015, Defendants Bradley and Cruz revealed to the Boston Globe Plaintiff's identity as an informant and his activities as such.

When the Boston Globe article was published, Plaintiff was a pretrial detainee at the Essex County Correctional Facility ("ECCF").  After the article was published, other inmates continually harassed Plaintiff, threw urine on him, placed feces in his food, and assaulted him, which resulted in a black eye and abrasions on his face.  Plaintiff was subsequently placed in solitary confinement and, upon rejoining the general population, was again assaulted.

Thereafter, Plaintiff was transferred to the Plymouth County Correction Facility ("PCCF") where he was again attacked by inmates.  Plaintiff continues to experience blurred vision, difficulties concentrating, migraines, insomnia, and anxiety as a result of the attacks.

The Court will take judicial notice of the fact that in April 2015, Defendant Middleton resigned from his position as First Assistant District Attorney.[2]

---

[2] There are several press releases, of which the accuracy cannot be reasonably questioned, indicating that Defendant Middleton resigned in April 2015. *See, e.g.*, *Top Prosecutor Frank Middleton Resigns from Plymouth DA's Office*, PATRIOT LEDGER (Apr. 16, 2015), https://www.patriotledger.com/article/20150416/news/150416883.  Other courts have also taken judicial

**Legal Standard**

A defendant may also move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

---

notice of newspaper articles and press releases in similar circumstances when their contends cannot be reasonably questioned. *See, e.g.*, *Amadi v. Barnes*, 2018 WL 1566818, at *8 (M.D. Tenn. 2018) (taking judicial notice of press release indicating defendant did not assume position until several years after alleged events giving rise to claim occurred).

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

**Discussion**

*1. Official Capacity Claims*

Insofar as Plaintiff's seeks monetary relief for his claims against Defendant Middleton in his official capacity, they must be dismissed. Such official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and is therefore "to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099 (1985) (citations omitted). Accordingly, official capacity suits are subject to the Eleventh Amendment, which bars suits for damages brought by individuals in Federal Court, absent lawful Congressional abrogation or consent of the state. *Seminole Tribe of Fla. V. Fla.*, 517 U.S. 44, 54-71 116 S.Ct. 1114 (1996).

Defendant Middleton, in his official capacity, is not amenable to suit for damages pursuant to Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304 (1989) ("[A] state is not a 'person' within the meaning of § 1983."); *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 124 (1st Cir. 2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."); *Destek Grp., Inc. v. State of New Hampshire Publ. Utilities Comm'n*, 318 F.3d 32, 40 (1st Cir. 2003) ("[N]either a state agency nor a state official acting in his official capacity may be sued for damages in a § 1983 action.").

In addition, Plaintiff's state law claims against Defendant Middleton in his official capacity are also barred. The Commonwealth has not waived its immunity for intentional torts. *See* Mass. Gen. Laws ch. 258, § 10(c). Although the Commonwealth has partially waived its immunity for non-intentional torts, that waiver only applies in state, not federal court. *See id.* § 2; *Caisse v. DuBois*, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court." (citation omitted)); *see also Atascadero State Hosp. v. Scanion*, 473 U.S. 234, 241, 105 S.Ct. 3142 (1985) ("[I]n order for a state statute . . . to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." (emphasis in original)).

## 2. Individual Capacity Claims

Because it has been determined that Defendant Middleton resigned as First Assistant District Attorney months before the events giving rise to this litigation occurred, it is implausible that he could have prevented Defendants Cruz and Bradley from revealing Plaintiff's identity as an informant. Further, Defendant Middleton cannot be held responsible for failing to subsequently ensure Plaintiff's safety. Accordingly, the claims against Defendant Middleton in his individual capacity must also be dismissed. *See Corbin v. Cannon*, 838 F. Supp. 561, 563 (M.D. Fla. 1993) (dismissing complaint where defendant was not the sheriff when the alleged events took place); *Arnold v. New Jersey*, 2007 WL 1381757, at *4 (D.N.J. May 9, 2007) (dismissing claims against defendants in their individual capacities where "neither Farmer nor Dunbar held these offices at the time of the events giving rise to the Complaint"); *Amadi*, 2018 WL 1566818, at *8 (dismissing claims against defendant in his individual capacity where it was "determined that Barnes was not working at DHS when the events that gave rise to this action took place, and because Amadi has not alleged that Barnes was involved in those events in some other way").

5

## **Conclusion**

For the reasons stated above, Defendant Middleton's motion to dismiss (Docket No. 38) is ***granted***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**